## 105

On appellant's petition for reconsideration filed November 5, 1996, petition for reconsideration allowed; opinion (144 Or App 210, 925 P2d 929) modified and adhered to as modified January 29, 1997

In the Matter of the Estate of
Evelyn Cochrane, Deceased.

Teresa SANGSTER,
*Respondent,*

*v.*

Dan DILLARD,
Personal Representative of the Estate
of Evelyn Cochrane, Deceased,
*Appellant,*

*and*

SMALL BUSINESS ADMINISTRATION,
an agency of the United States of America,
*Claimant.*

(93-0006-P; CA A85159)

931 P2d 815

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬

Ridgway K. Foley, Jr., and Foley & Duncan, P.C., for petition.

No appearance *contra*.

Before De Muniz, Presiding Judge, and Warren and Leeson, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant petitions for reconsideration of our decision in *Sangster v. Dillard*, 144 Or App 210, 925 P2d 929 (1996), to correct two factual errors in our opinion. ORAP 6.25(1)(i). We allow reconsideration.

In *Sangster*, we held that defendant used undue influence in persuading Evelyn Cochrane, his mother, to execute a will leaving him her entire estate. 144 Or App at 221. As part of that factual background, we stated:

"Cochrane's estate consists largely of an interest in the Cooper Spur Inn, a remote seasonal resort located on the eastern slope of Mount Hood.

"* * * * *

"In addition to being part-owner, Cochrane baked pies and worked as a waitress in the diner." *Id.* at 212-13.

In his petition for reconsideration, defendant asserts:

"These two statements incorrectly declare and imply that Mrs. Cochrane owned an interest in the resort business and/or the real property upon which it is situated, and that her estate succeeded to those interests. In fact, claims of that nature have been separately and finally litigated, with the result that Mrs. Cochrane did not own any interest in any business or underlying real property which passed to her estate at death, and in fact [defendant] singly or with his wife Sharon Dillard * * * own all of the business and all contested real property."

Attached to defendant's petition for reconsideration is a copy of a 1995 judgment declaring that any interest Cochrane owned in the business did not pass to her estate, but instead reverted to defendant, his wife and their partnership, and that defendant and his wife owned the real property.[1]

That judgment was not part of the record before us, and defendant made no mention of it in his opening brief,

---

[1] Plaintiff appealed that judgment, but later voluntarily moved to dismiss her appeal. We granted her motion and dismissed the appeal in April 1996, three weeks before oral argument in this case.

reply brief or at oral argument. Without expressing an opinion as to the effect of the judgment, we nonetheless agree with defendant that the factual statements at issue were not necessary to our decision and could cause needless confusion in the probate court on remand. Accordingly, we delete from the opinion the fourth sentence of the second paragraph on page 212 and the phrase, "In addition to being part-owner," from the second sentence of the second full paragraph on page 213.

Petition for reconsideration allowed; opinion modified and adhered to as modified.